IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TARIQ MUHAMMAD,

    Plaintiff,

v.

MULTNOMAH CO., et al.,

    Defendants.

Case No. 3:19-cv-00323-YY

ORDER TO DISMISS

SIMON, Judge.

Plaintiff, an inmate at the Multnomah County Inverness Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an order entered by the Court this date, plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, plaintiff's Complaint is dismissed.

## BACKGROUND

In the caption of his Complaint, plaintiff names as the defendants "Multnomah Co., et al." Plaintiff does not, however, identify any additional defendants. Plaintiff's Complaint is a 10-page

1 - ORDER TO DISMISS

narrative statement, which is largely incomprehensible.[1] Plaintiff's Complaint includes a litany of statements about various criminal proceedings, including statements that he was wrongfully arrested and convicted, that he was not provided adequate legal supplies or adequate opportunity to confer with his attorney, that he was discriminated against based on his race, that he has been falsely accused and wrongfully imprisoned, that he has been tortured, and that he has been discriminated against based upon his race. Plaintiff also filed an Amended Supplement to Original Complaint and a Statement of Facts containing similar statements.[2]

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, a plaintiff must allege facts which, when accepted as true, give rise to a plausible inference that the defendants violated the plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and

---

[1] Attached as an exhibit to the Complaint is a copy of a psychiatric evaluation performed at the Oregon State Hospital concluding that plaintiff was able to aid and assist in his defense to criminal charges.

[2] The Court notes that plaintiff has brought two prior civil rights actions: *Muhammad v. State of Oregon, et al.*, Case No. 3:16-cv-01581-PK and *Muhammad v. State of Oregon*, Case No. 3:18-cv-01717-JR. In both cases, plaintiff's pleadings suffered the same deficiencies noted herein, and both cases were dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(e).

2 - ORDER TO DISMISS

plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-69. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555).

When a plaintiff is proceeding *pro se*, the court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## **DISCUSSION**

As noted, plaintiff's Complaint reads in narrative form and appears to allege claims against individuals who are not named as defendants. As presently drafted it is extremely difficult, if at all

possible, to determine which acts, or which acts by which individual(s), violated which of plaintiff's rights. Plaintiff alleges a multitude of different acts without clearly specifying which individual committed which acts against him.

Moreover, although it is unclear from the Complaint, it appears that plaintiff may be challenging his conviction and/or current confinement. To the extent plaintiff is challenging the fact of his custody, not the conditions, it must be brought in a petition for habeas corpus relief, not a civil rights action. *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003). Finally, a claim for money damages based on the alleged illegality of plaintiff's current confinement is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).

## **CONCLUSION**

Based on the foregoing, plaintiff's Complaint is DISMISSED. Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that his Amended Complaint must specifically include (1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights, (2) the dates on which the conduct allegedly took place, and (3) the specific conduct plaintiff alleges is unconstitutional. Plaintiff is advised that the Amended Complaint will operate as a complete substitute for the Complaint, not as a supplement. Plaintiff is cautioned that failure to file an Amended Complaint will result in the dismissal of this proceeding.

IT IS SO ORDERED.

DATED this 21 day of May, 2019.

Michael H. Simon
United States District Judge